IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HEAVENLY VALLEY, LP, et al.,

    Plaintiffs,                             CIV. NO. S-09-1533 FCD GGH

    vs.

LAKE TAHOE DEVELOPMENT
COMPANY, LLC,
                                                  FINDINGS AND RECOMMENDATIONS

    Defendant.
_____/

        Plaintiffs' motion for default judgment against defendant Lake Tahoe Development Company ("LTD"), filed April 15, 2010, was submitted on the record. Local Rule 78-230(h). Upon review of the motion and the supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On June 3, 2009, plaintiffs filed the underlying complaint in this action against defendant, alleging that defendant improperly and without authorization used the Heavenly trademarks in the name "The Chateau at Heavenly Village," and in the internet domain name www.chateauheavenlyvillage.com in regard to a real estate project entered into under a Condominium Marketing License Agreement between defendant LTD and Plaintiff RockResorts, a subsidiary of Vail Resorts, Inc., of which Heavenly Valley LP is also a subsidiary. Claims are

1

1  for breach of contract, trademark infringement (15 U.S.C. § 1114), trademark dilution (15 U.S.C.
2  § 1125(c), false designation of origin (15 U.S.C. § 1125(a)), cybersquatting (15 U.S.C. §
3  1125(d)), state law trademark infringement (Cal. Bus. & Prof. Code §§ 14320, 14335 and
4  common law), state law trademark dilution (Cal. Bus. & Prof. Code § 14330), and unfair
5  competition (Cal. Bus. & Prof. Code §§ 17200, 17500, and common law).  The summons and
6  complaint were personally served on defendant LTD by personal service on Michael
7  McLaughlin, agent for service of process, on June 8, 2009.  Fed. R. Civ. P. 4(h).  Pacific Atlantic
8  Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void
9  without personal jurisdiction).  Defendant has failed to file an answer or otherwise appear in this
10 action.  On July 2, 2009, the clerk entered default against defendant LTD.
11        The instant motion for default judgment and supporting papers were served by
12 mail on defendant at its last known address.  Defendant filed no opposition to the motion for
13 default judgment.  Plaintiffs seek an entry of default judgment against defendant in the form of a
14 permanent injunction.[1]
15 DISCUSSION
16        Entry of default effects an admission of all well-pleaded allegations of the
17 complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir.
18 1977).  The court finds the well-pleaded allegations of the complaint state a claim for which
19 relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The
20 memorandum of points and authorities and affidavits filed in support of the motion for default
21 judgment also support the finding that plaintiff is entitled to the relief requested.  There are no
22 policy considerations which preclude the entry of default judgment of the type requested.  See

---

[1] Although defendant filed for bankruptcy protection on October 5, 2009, the bankruptcy court modified the stay to permit HVLP and RockResorts to pursue injunctive relief for trademark infringement against LTD in this case.  In re Lake Tahoe Devel. Co., LLC, No. 09-41579-B-11 (Bankr. E.D. Cal.).  This court takes judicial notice of that order.  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1   Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

2         After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Plaintiff seeks a permanent injunction preventing defendant from using the name "The Chateau at Heavenly Village," the internet domain name www.chateauheavenlyvillage.com, or similar use of the term "Heavenly" or the Heavenly trademarks, and that defendant transfer this domain name to plaintiff.  The Lanham Act provides for injunctive relief to prevent trademark infringement.  15 U.S.C. § 1116(a).  The Anticybersquatting Consumer Protection Act ("ACPA") provides, *inter alia*, for injunctive relief to prevent use of a confusingly similar mark in a domain name.  15 U.S.C. § 1125(d); Ringcentral, Inc. v. Quimby, ___ F.Supp.2d ___, 2010 WL 1459736 (N.D. Cal. 2010).

      The injunctive relief requested is reasonable and specifically tailored.  Plaintiffs seeks to permanently enjoin defendant from using the name, "The Chateau at Heavenly Village," the internet domain name www.chateauheavenlyvillage.com, Heavenly's trademarks or other confusingly similar designations.  Plaintiffs also seeks an order preventing defendant from using or reproducing any of the Heavenly trademarks as part of a brand name for its products or services, including the aforementioned names.  Also requested is an order requiring defendant to destroy all items in their possession which contain the Heavenly trademarks or aforementioned names.  In regard to the www.chateauheavenlyvillage.com domain name, plaintiffs seek an order requiring defendant to relinquish all interest in it or any confusingly similar domain name and transfer all such domain names to HVLP.  Finally, plaintiffs seek a permanent injunction preventing defendant, or others acting in concert with defendant, with actual notice from aiding anyone else in engaging in any of the aforementioned activities.  This court will recommend that plaintiff's request for injunctive relief be granted in accordance with terms set forth in plaintiffs' proposed judgment.

\\\\\

\\\\\

CONCLUSION

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for default judgment, filed April 15, 2010, (dkt. # 19), be GRANTED.

2. Injunctive relief be granted as specified in plaintiffs' proposed judgment which is approved as to form and substance.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 07/22/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Heavenly1533.def.wpd